## MacRAE v. PARLIN & ORENDORFF PLOW CO. OF OMAHA.

### (Circuit Court of Appeals, Eighth Circuit. March 22, 1913.)

### No. 3,768.

MASTER AND SERVANT (§ 40*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—SALARY—AMOUNT—EVIDENCE.

In an action for breach of a contract of employment, conflicting evidence *held* to sustain a finding that plaintiff's salary was $1,800 a year.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. § 40.*]

In Error to the District Court of the United States for the District of Nebraska; William H. Munger, Judge.

Action by John D. MacRae against the Parlin & Orendorff Plow Company of Omaha. From a judgment for plaintiff for less than the relief demanded, he brings error. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. S. Montgomery, of Omaha, Neb. (Matthew A. Hall and Raymond G. Young, both of Omaha, Neb., on the brief), for plaintiff in error.

Constantine J. Smyth, Edward P. Smith, and William A. Schall, all of Omaha, Neb., for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

SMITH, Circuit Judge. Plaintiff, John D. MacRae, first went to work for a corporation, then known as the Parlin, Orendorff & Martin Company, but now known as the Parlin & Orendorff Plow Company, in October, 1882, as a traveling salesman. While so employed he acquired a dwelling house at Omaha. He quit that employment about 1886, and after a short service on the Pacific coast went to work for Kingman & Co. in Kansas and Oklahoma, and lived at Wichita, Kan. In January, 1900, he had an interview at Omaha with Mr. Euclid Martin, president of the Parlin, Orendorff & Martin Company, at his home. At this interview he was orally employed again by the Parlin, Orendorff & Martin Company. He went to work on April 1, 1900, and worked until March 15, 1909, when he was discharged. During the first year he received $1,800, and on April 15, 1901, $200 were credited by sundries, and this was drawn by him. After his relations were severed, he brought this suit, claiming his contract was for $2,000 a year and that the end of the company's fiscal year had been changed at an early date from April 1st to July 20th; that he had been regularly re-employed for several years for a new period of one year from July 20th, and was so re-employed on July 20, 1908, and the defendant had no right to discharge him until July 19, 1909. He asked judgment at $2,000 a year from the time of his last payment until July 19th, and for the difference between $1,800 and $2,000 a year after the first year and until his last payment. The case was submitted to a jury, who found in effect that his contract was for $1,800 a year, but that he was entitled to payment until July 19, 1909, and returned a verdict accordingly, upon which judgment was rendered, and he brought the case here on writ of error.

It is contended there is no conflict in the evidence as to the rate at which plaintiff was working; but we think there is a conflict of the most serious character. The plaintiff testified the contract was for $2,000 a year. Euclid Martin, who had severed his relations with the defendant, testified the contract was for $1,800 a year. During the first year that is all that was credited to him as salary, and the same is true of all subsequent years. On October 1, 1905, a voucher was issued, "Balance a/c to Oct. 1—05," for $500, and this was signed "in full for above" by the plaintiff; and on February 20, 1909, a voucher was indorsed by plaintiff for "Salary 2/20/09" for $150. Everything in the record, aside from the plaintiff's own testimony, corroborates the testimony of Mr. Martin that his salary was $150 a month. Whether the $200 paid on April 15, 1901, was an additional allowance, in view of his moving to Omaha, does not appear; but the

evidence overwhelmingly supports the finding of the jury, and a verdict to the contrary would have been difficult to sustain.

The case was fairly submitted to the jury, and, while there are assignments of error on a ruling on evidence and instructions to the jury given and refused, they are without substantial merit; and the case is affirmed.